UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYSHON THOMAS,<br><br>             Plaintiff,<br><br>     v.<br><br>CALIFORNIA SUPREME COURT, et al.,<br><br>             Defendants. | No.  2:13-cv-1891-GEB-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He seeks leave to proceed in forma pauperis.  *See* 28 U.S.C. § 1915(a).  For the reasons explained below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Court records reflect that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See* (1) *Thomas v. Madera County Dept. of*

1

1  *Corrections*, 1:06-cv-0649-AWI-GSA (E.D. Cal.) (dismissed April 30, 2012 for failure to state a
2  claim); (2) *Thomas v. Avela*, 12-cv-9778-UA-JEM (C.D. Cal.) (dismissed November 30, 2012 as
3  frivolous and for failure to state a claim); and (3) *Thomas v. Parties Calipatria*, 12-cv-10220-UA-
4  JEM (C.D. Cal.) (dismissed December 7, 2012 as frivolous and for failure to state a claim).  *See*
5  *also Thomas v. Grounds*, 2:13-cv-0240-UA-JEM (C.D. Cal.) (dismissed on January 29, 2013 as
6  barred by 28 U.S.C. § 1915(g)).

7        The section 1915(g) exception applies if the complaint makes a plausible allegation that
8  the prisoner faced "imminent danger of serious physical injury" at the time of filing.  28 U.S.C.
9  § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  For the exception to
10 apply, the court must look to the conditions the "prisoner faced at the time the complaint was
11 filed, not at some earlier or later time."  *Andrews*, 493 F.3d at 1053, 1056 (requiring that prisoner
12 allege "an ongoing danger" to satisfy the imminency requirement).  Courts need "not make an
13 overly detailed inquiry into whether the allegations qualify for the exception."  *Id.* at 1055.

14       Here, the 23-page complaint is rambling and largely incomprehensible.  Its focus appears
15 to be on alleged emotional injuries and not physical injuries.  *See generally* ECF No. 1.  Plaintiff
16 alleges, for example, that various courts "continue to injure willfully by hidden contracts, mixed
17 war as an arm of inc'd matrix conspiracy to handcuff ingress to judicial branch via judicial
18 bribery and punition for litigating."  *Id* at 2.  He claims to have suffered "anguish, psychological
19 pain, torture, [and] hunger pains."  *Id.*  Plaintiff also alleges that jail officials "are not medical
20 nutritionists [or] dieticians . . . yet malignant hypertensive allergies to victuals causing heart
21 disease . . . poisons in milk w/ chemicals; pesticides; soy, hydrogenated fat; peanut butter; cheese;
22 turkey results in disabling body and life remotely by stroke; night sweats; hives; kidney failure;
23 diabetes; heart attack in death . . . ." *Id.* at 8.  To the extent the complaint alleges any physical
24 harm, the court finds those allegations implausible.  Because the complaint fails to demonstrate
25 that plaintiff faced any imminent danger of serious physical injury at the time he filed his
26 complaint, the imminent danger exception does not apply.

27       Accordingly, IT IS HERBEY RECOMMENDED that plaintiff's request for leave to
28 proceed in forma pauperis be denied and this action be dismissed without prejudice to re-filing

upon pre-payment of the $400 filing fee. *See* 28 U.S.C. §§ 1914(a), 1914 (District Court Miscellaneous Fee Schedule, No. 14), 1915(g).

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 31, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE